IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GAINSCO AUTO INSURANCE,<br><br>Plaintiff,<br><br>v.<br><br>CORNIELES,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [8] REVISED EX PARTE MOTION FOR ALTERNATIVE SERVICE**<br><br>Case No. 2:26-cv-00006-CMR<br><br>Chief Magistrate Judge Cecilia M. Romero |

Before the court is Plaintiff Gainsco Auto Insurance's (Plaintiff) Revised Ex Parte Motion for Alternative Service (Revised Motion) (ECF 8). Plaintiff seeks to serve Defendant Miguel A. Lopez Cornieles (Defendant) by alternative means pursuant to Federal Rule of Civil Procedure 4(e) (*id.* at 2). Having carefully reviewed and considered Plaintiff's Revised Motion and finding that Plaintiff does not meet the requirements of Utah or Washington[1] state law for alternative service, the court hereby DENIES the Revised Motion without prejudice.

## I.    BACKGROUND

Plaintiff is an insurance company that issued a personal auto insurance policy (the Policy) to Defendant with effective coverage dates of August 27, 2025, to February 27, 2026 (ECF 1 ¶ 8). Plaintiff alleges that Defendant obtained the Policy through actions that violated the Policy's fraud or misrepresentation condition, thereby making the Policy void (*id.* ¶¶ 21–39). Accordingly, Plaintiff is seeking judicial determination to determine the respective rights and obligations of the parties under the Policy (*id.* ¶ 40).

---

[1] As addressed below, this is the location where Defendant is being housed.

1

After filing this action, Plaintiff's counsel has had difficulty serving Defendant. Plaintiff states that the physical and mailing address Defendant provided to Plaintiff, at the time the Policy was issued, was 2503 N. Velvet Moon Drive, Saratoga Springs, Utah 84045 (ECF 5 at 2). According to Plaintiff, it contracted with Anderson Investigation, Inc. (Anderson), a professional process server, who attempted personal service at Defendant's address on February 4, 2026 (*id.* at 2–3). Plaintiff claims that an individual inside the home communicated to Anderson and the individual claimed Defendant had recently been taken by U.S. Immigration and Customs Enforcement (ICE) and claimed that Defendant no longer resided at the address (*id.*). Plaintiff filed an Ex Parte Motion for Alternative Service of Process (the Motion), which the court denied because the proposed alternative process was not reasonably calculated to provide Defendant with actual notice of the lawsuit (ECF 5; ECF 7 at 1, 4).

Plaintiff states it subsequently made efforts to locate Defendant (ECF 8 at 2–3). Plaintiff retained the services of Weston Roske (Mr. Roske), an investigative consultant, to investigate the whereabouts of Defendant (*id.* ¶ 8). Plaintiff further indicates Mr. Roske confirmed Defendant is in ICE custody in the Northwest ICE Processing Center (the ICE Center) in Tacoma, Washington (*id.* ¶ 9; ECF 8–2 ¶ 4; ECF 8–3). Further, Plaintiff states Mr. Roske spoke to a representative of the ICE Center who stated that the ICE Center accepts service of process for detained persons via certified mail to 1623 E. J Street, Suite 2, Tacoma, Washington 98421 (ECF 8–2 ¶ 6). Plaintiff argues that because of these circumstances personal service is impracticable (ECF 8 at 4–5). Therefore, Plaintiff seeks leave to serve Defendant by certified mail to the ICE Center (*id.* at 2).

## II.    LEGAL STANDARDS

The Supreme Court holds that due process requires service of process that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action

and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). Federal Rule of Civil Procedure 4 dictates ways in which a defendant may be served. Of the enumerated methods, Rule 4 allows for service by delivering a copy of the summons and complaint to the individual personally, leaving a copy at the individual's dwelling or usual place of abode, or delivering a copy to an authorized agent. *Id.* 4(e). Rule 4 also states that service on an individual may be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *Id.* 4(e)(1).

"The Federal Rules do not expressly provide for alternative methods of service. However, such methods may be utilized if allowed under applicable state law." *Almoukdad v. Relianse Osuna NM LLC*, No. 1:22-cv-00141, 2025 WL 2830117, at *1 (D.N.M. Oct. 6, 2025). Therefore, alternative service pursuant to Rule 4(e) may only be made according to the state law of the action where the court is located or where service is made. *Id.*

### III.   DISCUSSION

Either Washington state law or Utah state law may be followed, because Rule 4(e) states that service on an individual may be made by following the state law of the state where the district court is located—Utah—or where service is made—the ICE Center in Washington. Fed. R. Civ. P. 4(e). The court finds that Plaintiff does not meet the requirements for alternative service under Utah or Washington state law.[2]

**A.  Plaintiff Has Not Shown Alternative Service Is Appropriate Under Utah Law**

Plaintiff filed this action in the District of Utah and therefore the court looks to Utah law. *See B&B Prospector Props., LLC v. Daniel*, No. 2:23-cv-00416, 2023 WL 7701066, at *1 (D. Utah

---

[2] Although Plaintiff does not address Washington state law in its Revised Motion, the court does so here for the sake of comprehensive analysis.

Nov. 15, 2023). Under Utah law, "an initial complaint is filed and properly served under rule 4." *Wittingham, LLC v. TNE Ltd. P'ship*, 469 P.3d 1035, 1048 (D. Utah 2020) (citing Utah R. Civ. P. 4). Service by alternative means is outlined by Utah Rule of Civil Procedure 4(d)(5)(A), which states that a party may seek alternative means of service if one of the following three circumstances occurs:

> [1] the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence, [2] service upon all of the individual parties is impracticable under the circumstances, or [3] there is good cause to believe that the person to be served is avoiding service.

Utah R. Civ. P. 4(d)(5)(A). Furthermore, Rule 4(d)(5)(B) requires that the alternative service be "reasonably calculated, under all the circumstances, to apprise the named parties of the action." *Id.* 4(d)(5)(B).

Rule 4(d)(5)(A) outlines only three circumstances under which alternative service may occur, and Plaintiff has not shown that any of these circumstances exist. Utah R. Civ. P. 4(d)(5)(A). The first circumstance—that the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence—has not been met, because, as Plaintiff itself states, Defendant's whereabouts are already known (ECF 8 ¶ 9). As for the third circumstance—that there is good cause to believe that the person to be served is avoiding service—Defendant's detention at the ICE Center is not good cause to believe Defendant is avoiding service as he is being detained. Regarding the second circumstance—that service upon all of the individual parties is impracticable under the circumstances—Plaintiff's interpretation of the statute, applying the circumstance when service is sought on only one individual party, is not convincing. Regardless, Plaintiff has not adequately shown the second circumstance has been met even if it were applicable.

Plaintiff avers that alternative methods of service may be allowed when personal "service upon . . . the individual parties is impracticable." (ECF 8 at 2). However, Plaintiff provides no precedent to support this interpretation and the statute's full language, namely "service upon all of the individual parties," suggests that it only contemplates scenarios in which the parties are too many, or too disperse, to practicably serve individually. Utah R. Civ. P. 4(d)(5)(A). While no case law is directly on point, in *Weber County v. Ogden Trece*, the county argued that "service by publication was necessary because there [were] 485 known gang members and personal service on all members would be impracticable." 2013 UT 62, ¶ 59, 321 P.3d 1067, 1079. Plaintiff has provided no authority to support its contention that this standard is applicable whenever a plaintiff can argue that service is impracticable, regardless of the number of parties to be served.

Nonetheless, even if the second circumstance were applicable to cases with a singular defendant, Plaintiff has not provided any evidence why the circumstance exists. First, the standard for this circumstance is impracticability, as the language suggests, and not the reasonable diligence standard that Plaintiff discusses (ECF 8 at 4). The reasonable diligence standard is confined to efforts to locate the parties. Utah R. Civ. P. 4(d)(5)(A). This is confirmed by the cases Plaintiff itself cites for the reasonable diligence standard, which involve efforts to ascertain parties' whereabouts, not efforts to serve parties that have already been located (ECF 8 at 4 (citing *Jackson Constr. Co. v. Marrs*, 2004 UT 89, ¶ 19, 100 P.3d 1211, 1217 and *Parker v. Ross*, 217 P.2d 373, 379 (Utah 1950))).

More importantly, whether the standard is due diligence or impracticability, Plaintiff has not met it, because the Revised Motion does not describe any attempt by Plaintiff to personally serve Defendant at the ICE Center, nor explain why personal service cannot be accomplished. Despite having located Defendant, Plaintiff appears to have made no attempt to serve Defendant

personally and has given the court no information on which to conclude that personal service on Defendant is impracticable. To the contrary, caselaw suggests that personal service on incarcerated parties is possible. *See Jordan Credit Union v. Sullivan*, 2022 UT App 120, ¶ 3, 520 P.3d 929, 930 ("[Defendant] Sullivan—who was incarcerated at the Utah County Jail . . . was personally served by a Utah County deputy constable."); *Garcia v. Garcia*, 712 P.2d 288, 289 (Utah 1986) ("[Defendant] could have been served by delivering a copy of the summons to him personally. Case law of other jurisdictions generally favors this type of civil service of process on prisoners."). Hiring U.S. Marshals or a process server in Washington for example is a potential avenue for effecting personal service that Plaintiff has not, as far as the court is aware, explored.

Plaintiff correctly points out in its Revised Motion that this court has stated "Plaintiff has met the reasonable diligence requirement." (ECF 8 at 4 (citing ECF 7 at 3)). This court's statement, however, was limited to Plaintiff's previous efforts to find and serve Defendant when Defendant's whereabouts had not been ascertained (ECF 7). Now that Defendant's whereabouts have purportedly been ascertained, what is required is an attempt at personal service or a properly substantiated explanation for why personal service cannot be accomplished.

**B.  Plaintiff Has Not Shown Alternative Service Is Appropriate under Washington Law**

If "service is made" on Defendant in the State of Washington, then Washington state law can be applied. Fed. R. Civ. P. 4(e)(1). The Revised Code of Washington § 4.28.080 governs service of process. Wash. Rev. Code § 4.28.080. Under Code § 4.28.080(14) service must be made "to the defendant personally, or by leaving a copy of the summons at the house of his or her usual abode with some person of suitable age and discretion then resident therein." *Id.* When service under Code § 4.28.080(14) "cannot with reasonable diligence be served as described, the summons may be served . . . [b]y leaving a copy at [defendant's] usual mailing address with a person of suitable

age and discretion who is a resident, proprietor, or agent thereof, and by thereafter mailing a copy by first-class mail, postage prepaid, to the person to be served at his or her usual mailing address." Wash. Rev. Code § 4.28.080(15).

Plaintiff has not shown that alternative service is appropriate under Washington law. First, for in-state individuals Washington requires personal service and does not allow alternative service unless "the person cannot with reasonable diligence be served [personally]." Wash. Rev. Code § 4.28.080(15). Plaintiff has provided the court no evidence in their Revised Motion to suggest that Defendant cannot with reasonable diligence be personally served at the ICE Center.

Second, even if it were shown that Defendant cannot with reasonable diligence personally serve Defendant at the ICE Center, Washington only allows alternative service by personal service to a "resident, proprietor, or agent" of the party's "usual mailing address." *Id.* However, Plaintiff has not offered that the ICE Center is the Defendant's usual mailing address. Additionally, Plaintiff still cannot send mail to Defendant's usual mailing address in Utah under Washington law, because then service would be "made" in Utah, and Utah law would apply. *See* Fed. R. Civ. P. 4(e)(1).

Therefore, based upon the information provided by Plaintiff, the standard for alternative service has not been met under either Utah or Washington state law.

## IV.    CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Revised Ex Parte Motion for Alternative Service is DENIED without prejudice.

DATED this 26 June 2026.

_Cecilia M. Romero_

Chief Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah

7